**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 26-80759-CIV-CANNON**

**VALERIE M. ATTALAH, *et al.*,**

Plaintiffs,

v.

**SECRETARY OF HOMELAND SECURITY**
and **DIRECTOR OF U.S. CITIZENSHIP AND IMMIGRATION SERVICES,**

Defendants.

_________________________________/

**ORDER OF DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER**

**THIS CAUSE** comes before the Court upon a sua sponte review of the record. There are eight Plaintiffs listed in the Petition for Writ of Mandamus [ECF No. 1]. On October 5, 2026, "Plaintiff" filed a Notice of Voluntary Dismissal without Prejudice [ECF No. 11]. The Notice of Voluntary Dismissal failed to indicate whether the dismissal was as to one, some, or all the Plaintiffs in this action [ECF No. 11]. Accordingly, on October 6, 2026, the Court entered an Order requiring clarification of the scope of the Notice of Voluntary Dismissal [ECF No. 12]. The Court's deadline to supplement the Notice of Voluntary Dismissal has now passed, with no compliance by Plaintiffs or any request for additional time.

A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit. *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962). Courts are vested with this inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Id.* at 630.

In light of these principles, and given Plaintiffs' failure to comply with the Court's order, it is hereby **ORDERED AND ADJUDGED** as follows:

1. This matter is **DISMISSED** for failure to comply with the Court's Order [ECF No. 12].
2. The Clerk of the Court shall **CLOSE** this case.

**ORDERED** in Chambers at Fort Pierce, Florida, this 20th day of October 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record